# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| FELICIA WEAVER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-cv-28 |
| AA RECOVERY SOLUTIONS INC. and MOUNTAIN RUN SOLUTIONS, LLC, | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, FELICIA WEAVER ("Plaintiff"), through her attorney, Hormozdi Law Firm, LLC, alleges the following against Defendants, AA RECOVERY SOLUTIONS INC. ("AA Recovery Solutions") and MOUNTAIN RUN SOLUTIONS, LLC ("MRS") (collectively "Defendants"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k.

1

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in City of Columbus, Muscogee County, State of Georgia.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendants are debt collectors as that term is defined by the FDCPA.

9. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

10. AA Recovery Solutions is a collection agency headquartered in the City of Clearwater, Pinellas County, State of Florida.

11. MRS is a debt buyer based in Orem, Utah County, Utah.

12. Defendants are business entities engaged in the collection of debt within the State of Georgia.

13. Defendants' business includes, but is not limited to, collecting on unpaid,

outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendants it is assigned an account number.

15. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

16. Defendants regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendants sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendants are attempting to collect a consumer debt from Plaintiff allegedly arising from an account with Vivint, Inc.

20. The alleged debt owed arises from transactions for personal, family, and household purposes.

21. Plaintiff does not owe the alleged debt that Defendants seek to collect.

22. In or around July 2020, MRS acquired the alleged debt from Vivint, Inc.

23. At all times relevant hereto, MRS owned the alleged debt.

24. At all times relevant hereto, AA Recovery Solutions was engaged by MRS to collect the alleged debt from Plaintiff on MRS' behalf.

25. MRS immediately reported the debt on Plaintiff's credit report.

26. In or around July 2020, AA Recovery Solutions began calling Plaintiff on her telephone at xxx-xxx-4122 in an attempt to collect the alleged debt.

27. On or about July 21, 2020, Plaintiff answered AA Recovery Solutions' call and spoke with AA Recovery Solutions' collector, Sean Bingler ("Sean").

28. During the conversation with Sean:

    a. Sean threatened to take legal action against Plaintiff;

    b. Plaintiff disputed the validity of the debt;

    c. Sean demanded payment from Plaintiff;

    d. Sean falsely represented that the only way Plaintiff can remove the debt from her credit report is to pay the balance; and

    e. Sean offered to settle the alleged debt for less than the amount owed.

29. On or about July 21, 2020, Sean sent a letter to Plaintiff via e-mail and demanded for Plaintiff to pay $2,500.00 to AA Recovery Solutions by July 21, 2020. *See* Debt Collection Letter, attached hereto as Exhibit A.

30. On or about July 21, 2020, Plaintiff responded to Sean's e-mail and requested for Sean to confirm that the alleged debt will be removed from Plaintiff's credit report upon receipt of payment from Plaintiff.

31. On or about July 21, 2020, Sean confirmed that the tradeline will be deleted within 30-60 days after payment, confirming that he would send a receipt letter after payment goes through, and stating that the payment needs to be made over phone via debit or credit card.

32. On or about July 24, 2020, Plaintiff placed a call to Sean and made a payment in the amount of $2,150.00 via telephone.

33. Despite receiving Plaintiff's payment, MRS continued to report the alleged debt to Plaintiff's credit report.

34. At all times relevant, MRS parked the alleged debt on Plaintiff's credit report.

35. MRS engaged AA Recovery Solutions on its behalf to threaten to take legal action Plaintiff and to advise Plaintiff that the only way to obtain a trade-line deletion was to pay the alleged debt.

36. AA Recovery Solutions employed the forgoing debt collection tactics in an attempt to instill fear in Plaintiff.

37. AA Recovery Solutions employed the forgoing debt collection tactics to coerce Plaintiff into placing a call to AA Recovery Solutions and making a payment to AA Recovery Solutions.

38. To date, Defendants have not taken legal action against Plaintiff.

39. To date, Plaintiff has not received written notice containing the information in § 1692(g)(1)-(5).

## COUNT I
## AA RECOVERY SOLUTIONS INC. VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-nine (39) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

41. AA Recovery Solutions violated the FDCPA based on, but not limited to, the following:

   a. AA Recovery Solutions violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when AA Recovery Solutions engaged in engaged in, at least, the following discrete violations of § 1692e;

   b. AA Recovery Solutions violated § 1692e(2) of the FDCPA by falsely representing the character, amount or legal status of any debt, when AA Recovery Solutions falsely represented that it is lawful to report inaccurate information to Plaintiff's credit report – namely, a debt not owed by Plaintiff;

   c. AA Recovery Solutions violated § 1692e(5) of the FDCPA by

threatening to take action that cannot legally be taken or that is not intended to be taken, when AA Recovery Solutions threatened to take legal action against Plaintiff when AA Recovery Solutions did not intend to take such action;

d. AA Recovery Solutions violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when AA Recovery Solutions attempted to collect a debt from Plaintiff that she does not owe, when AA Recovery continued to attempt to collect the alleged debt from Plaintiff after Plaintiff disputed owing the alleged debt, when AA Recovery Solutions falsely represented that Plaintiff needed to pay the alleged debt to remove it from her credit report, when AA Recovery Solutions sent a collection letter to Plaintiff demanding for Plaintiff to make payment to AA Recovery Solutions that same day and when AA Recovery Solutions falsely represented the debt would be removed from Plaintiff's credit report upon receipt of payment from Plaintiff;

e. AA Recovery Solutions violated § 1692g(a) of the FDCPA by failing to send a written notice containing the information in § 1692(g)(1)-(5);

f. AA Recovery Solutions violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time

    period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when AA Recovery Solutions demanded immediate payment from Plaintiff and when AA Recovery continued to attempt to collect the alleged debt from Plaintiff after Plaintiff disputed owing the alleged debt; and

  g. AA Recovery Solutions violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when AA Recovery Solutions engaged in the foregoing conduct.

WHEREFORE, Plaintiff, FELICIA WEAVER, respectfully requests judgment be entered against Defendant, AA RECOVERY SOLUTIONS INC., for the following:

42. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

43. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

44. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## MOUNTAIN RUN SOLUTIONS, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-nine (39) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

46. As alleged above, MRS is a debt collector as defined by the FDCPA.

47. MRS engaged the services of fellow debt collector AA Recovery Solutions to collect the alleged debt from Plaintiff.

48. MRS has the burden to monitor the activities of AA Recovery Solutions.

49. AA Recovery Solutions violated the FDCPA.

50. MRS is vicariously liable for the unlawful collection activities carried out by AA Recovery Solutions on its behalf.

51. MRS violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when MRS parked Plaintiff's the debt on Plaintiff's credit report.

WHEREFORE, Plaintiff, FELICIA WEAVER, respectfully requests judgment be entered against Defendant, MOUNTAIN RUN SOLUTIONS, LLC, for the following:

52. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

53. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

54. Any other relief that this Honorable Court deems appropriate.

                                                RESPECTFULLY SUBMITTED,

February 23, 2021                By: /s/Shireen Hormozdi
                                                Shireen Hormozdi
                                                SBN: 366987
                                                Hormozdi Law Firm, LLC
                                                1770 Indian Trail Lilburn Road, Suite 175
                                                Norcross, GA 30093
                                                Tel: 678-395-7795
                                                Fax: 866-929-2434
                                                shireen@agrusslawfirm.com
                                                shireen@norcrosslawfirm.com

# **<u>EXHIBIT A</u>**

4500 140th Ave. N. Suite 101
Clearwater, FL 33762

| Date | 07/21/2020 |
|---|---|
| Balance | $5,351.42 |
| AARS Acct# | 967540 |
| Original Creditor | VIVINT |
| Original Creditor Acct# | ▮▮▮▮1391 |

Felicia Weaver
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
COLUMBUS,GA 31904

**SEND TO: PayAARS.com**
C/O AA Recovery Solutions
725 Hertel Ave. Suite 677
Buffalo, NY 14207

  

**Payment Processed By: PayAARS.com**
A service fee may be charged by PayAARS.com for payments if paying by Credit/Debit card depending on consumer's location and applicable contractual documents.

**A $9.95 processing fee will be added to all payments where applicable**



Dear Felicia Weaver,
Pursuant to our discussion and our client's approval we are authorized to offer you a settlement on the above reference account. Upon receipt of <u>cleared</u> funds, your account will be considered settled in full.  The payment must be received in our office no later than the close of business on the date indicated below. This offer represents a substantial savings over the actual amount 5,351.42 owed and is an opportunity for you to take care of this obligation at a greatly reduced cost. If payment is not received in the indicated amount and on or before the date due, this offer is hereby revoked and AA Recovery Solutions is under no further obligation to honor the terms of this offer.

$2500.00 due by 7-21-20

Should you have questions you can reach a professional agent by calling (716) 362-2554 Monday – Friday 10:00 AM – 4:00 PM Eastern Time.
**This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.**
**PLEASE SEE ADDITIONAL NOTICES AND DISCLOSURES ON THE REVERSE SIDE OF THIS LETTER.**
AA Recovery Solutions
Phone (866) 590-6005

You may visit www.annualcreditreport.com for a free credit file disclosure once every 12 months or contact each company directly.  TransUnion - *www.transunion.com*, 800-916-8800, Experian - *www.experian.com*, 888-397-3742, Equifax - *www.equifax.com*, 800-685-1111.
Please be advised that the following state and municipal disclaimers are only applicable to consumers living in those states or municipalities.

**NOTICE OF IMPORTANT RIGHTS:**
**California** - The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may not contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. **Colorado** - FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.. Local Address: 7200 S Alton Way Suite B180 Centennial, CO 80112. Local Phone Number: 303-768-0200.  **Massachusetts** - You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector. **New York City** - Debt collectors, in accordance with the Fair Debt Collection Practices Act,15 U.S.C. section 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: (1) Supplemental security income, (SSI); (2) Social security; (3) Public assistance (welfare); (4) Spousal support, maintenance (alimony) or child support; (5) Unemployment benefits; (6) Disability benefits; (7) Workers' compensation benefits; (8) Public or private pensions; (9) Veterans' benefits; (10) Federal student loans, federal student grants, and federal work study funds; and; (11) Ninety percent of your wages or salary earned in the last sixty days. **Utah** - As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. **West Virginia** - The law limits how long you can be sued on a debt. Because of the age of your debt, AA Recovery Solutions cannot sue you for it. If you do not pay the debt, AA Recovery Solutions may report or continue to report it to the credit reporting agencies as unpaid. The law limits how long you can be sued on a debt. Because of the age of your debt, AA Recovery Solutions cannot sue you for it and AA Recovery Solutions cannot report it to any credit reporting agencies.
**PRIVACY STATEMENT:** Our Agency wants to inform you of how we will handle confidential information we obtain about you. Information we collect –We may collect nonpublic personal information about you from the original creditor, consumer reporting agencies, and other parties for the purposes of acquiring location information as provided for by the Fair Debt Collection Practices Act, 15 USC § 1692 et seq. Information we disclose – We do not disclose any nonpublic personal information about you to anyone, except as provided for by the Fair Debt Collection Practices Act, 15 USC § 1692 and the Fair Credit Reporting Act, 15 USC § 1681 et seq. Security - Our Agency restricts access to nonpublic personal information about you to those employees who need to know that information to process this account. Our Agency maintains physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.
 **Additional Rights** - If your state's privacy laws provide for different rights, require a different procedure to exercise your privacy rights under those laws or you need additional explanations, we will explain your rights.